UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAWRENCE EUGENE DELL, #269764,

    Plaintiff,

                                 CASE NO. 2-15-CV-11211
v.                                  HONORABLE NANCY G. EDMUNDS

MICHAEL K. O'HARE, et al.,

    Defendants.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I. INTRODUCTION

Michigan prisoner Lawrence Eugene Dell ("Plaintiff") has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). He seeks access to DNA evidence from his state criminal proceedings, which involved the detonation of an explosive device that injured his wife.[1] He alleges a violation of his due process and equal protection rights. Plaintiff names two Detroit-based federal postal inspectors, Michael K. O'Hare and Martin Anthony Darcy, and two Virginia-based postal service employees, forensic chemist Robert B. Moberley and forensic latent print analyst Scott W. Peters, as the defendants in this

---

[1]Plaintiff was convicted of use of explosives with intent to destroy causing injury to a person and attempted murder in the St. Clair County Circuit Court and sentenced to concurrent terms of life imprisonment and 40 to 80 years imprisonment in 1996. *See* Offender Profile, Michigan Offender Tracking Information System ("OTIS"), http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=269764.

action.[2] He sues them in their individual and official capacities. Plaintiff seeks injunctive relief – namely a search for biological material from his criminal proceedings and release and testing of that material and/or a hearing to determine its availability/unavailability. The Court has granted Plaintiff leave to proceed without prepayment of the fees and costs for this action. *See* 28 U.S.C. § 1915(a)(1).

## II. DISCUSSION

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3).

---

[2]Because Plaintiff only sues federal defendants in his complaint, this case is construed as a *Bivens* action.

The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To state a federal civil rights claim, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state or federal law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

In this case, Plaintiff fails to state a claim upon which relief may be granted in his complaint. Plaintiff raises several due process arguments in his complaint essentially asserting that he has a post-conviction right to evidence from his state criminal proceedings for DNA testing based upon a right to prove his innocence, the State's duty to disclose exculpatory evidence, and the State's duty to gather, preserve, and test evidence. A criminal defendant found guilty after a fair trial, however, does not have the same liberty interests as a free person. *District Attorney's Office for the Third Judicial Dist. v. Osborne*, 557 U.S. 52, 68 (2009). In *Osborne*, the United States Supreme Court specifically held that

a state prisoner has no freestanding federal substantive due process right of post-conviction access to evidence for DNA testing. *Id.* at 72; *see also Skinner v. Switzer*, 562 U.S. 521, 535 (2011) (citing *Osborne*). The Supreme Court further ruled that there is no duty to disclose exculpatory evidence or to preserve evidence after trial. *Osborne*, 557 U.S. at 72-74. The Supreme Court instead indicated that a state prisoner may have a procedural due process right regarding the proper application of a state-created right as to such matters. In other words, a state prisoner could bring a federal action challenging the adequacy of a state's procedures governing post-conviction access to evidence and the testing (or retesting) of that evidence. *Id.* at 68-69. Thus, to the extent that Plaintiff asserts that he has a substantive due process right of access to evidence for DNA testing, he is mistaken and fails to state a claim upon which relief may be granted.

Plaintiff asserts that he is challenging the Michigan procedure for post-conviction access to DNA testing and the state court's interpretation of that statute in his complaint. Plaintiff, however, offers no specifics or factual allegations to support such an assertion. It is well-settled that conclusory allegations are insufficient to state a civil rights claim. *See, e.g., Crawford-El v. Britton*, 523 U.S. 574, 588 (1998); *Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003).[3] Moreover, the United States Court of Appeals for the Sixth Circuit has

---

[3]Even if Plaintiff were to allege sufficient facts to challenge Michigan's post-conviction procedures, he fails to name proper defendants. It is well-settled that a plaintiff must allege the personal involvement of a defendant to state a civil rights claim under 42 U.S.C. § 1983 or *Bivens*. *See Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978) (Section 1983 liability cannot be based upon a theory of respondeat superior or vicarious liability); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (same); *Taylor v. Michigan Dep't of Corrections*, 69 F.3d 716, 727-28 (6th Cir. 1995) (plaintiff must allege facts showing that the defendant participated, condoned, encouraged, or knowingly acquiesced in misconduct). Plaintiff fails to do so. The federal postal employees identified as the defendants are not responsible for the state's procedures or the application of those procedures in his post-conviction proceedings.

ruled that such a challenge to Michigan's post-conviction procedures "is untenable because Michigan's statutory scheme is more comprehensive that the state procedures sanctioned by the *Osborne* court." *In re Smith*, 349 F. App'x 12, 14 (6th Cir. 2009); *see also Lamb v. Wayne Co. Prosecutor*, No. 2:09-CV-15003, *3 (E.D. Mich. Jan. 22, 2010) (citing *Smith* and finding Michigan's post-conviction procedures sufficient to satisfy procedural due process). This Court agrees that Michigan provides sufficient post-conviction procedures to address Plaintiff's concerns. *See* Mich. Ct. R. 6.500 *et seq.* (providing for post-conviction collateral review); Mich. Comp. Laws § 770.16 (providing for post-conviction DNA testing). In fact, Plaintiff admits that he sought relief under Mich. Comp. Laws § 770.16 in 2003 and 2009, but the trial court denied his motions because the prosecutor had submitted an affidavit stating that the requested material was no longer available due to the passage of time. Plaintiff does not allege any facts which show that the state procedure itself is unconstitutional. He thus fails to state a procedural due process claim in his complaint. *See, e.g., Vaughn v. Office of the Judge for the Third Circuit Ct.*, No. 14-CV-10458, 2015 WL 404254, *9 (Jan. 29, 2015) (adopting Magistrate Judge's report and dismissing civil rights complaint raising similar claims).

      The essence of Plaintiff's complaint is that the state trial court erred in denying his post-conviction motion for DNA testing (in 2009) based upon the prosecutor's affidavit regarding the unavailability of the evidence without ordering the appropriate police agencies to conduct a search for the evidence. To the extent that Plaintiff seeks to have this Court reverse the state trial court's decision, his claim is barred by the *Rooker-Feldman* doctrine which precludes lower federal courts from reviewing state court decisions where the injury complained of derives from the state court judgment. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 & n. 16 (1983); *Rooker v. Fidelity Trust Co.*, 263

U.S. 413, 415-16 (1923); *see also Smith*, 349 F. App'x at 15-16 (ruling that *Rooker-Feldman* barred prisoner's claim challenging state trial court's denial of DNA testing under Mich. Comp. Laws § 770.16); *Vaughn*, 2015 WL 404254 at *7 n. 9. To the extent that Plaintiff seeks an order for the discovery and release of biological evidence to be tested, his claim is barred by *res judicata* given the state court's determination that the requested evidence is no longer available. *See Vaughn*, 2015 WL 404254 at *9-10 (discussing issue at length and ruling that such claims were barred by *res judicata*). Plaintiff fails to state a viable procedural due process claim in his complaint.

Lastly, Plaintiff alleges a violation of his equal protection rights in his complaint. Again, however, he fails to state a claim upon which relief can be granted. The linchpin of an equal protection claim is that the government has treated people who are similarly situated in a different manner. *Bannum, Inc. v. City of Louisville*, 958 F.2d 1354, 1359-60 (6th Cir. 1992). Plaintiff asserts, in conclusory fashion, that he is being denied equal protection, but does not provide any factual support for his assertion. He fails to indicate with any specificity how he has been treated differently from others who are similarly situated. The fact that some prisoners may be having their convictions reviewed and/or evidence retested does not mean that those prisoners are similarly situated to Plaintiff or that Plaintiff is being treated unfairly. As noted, conclusory allegations are insufficient to state a civil rights claim. *Crawford-El*, 523 U.S. at 588; *Lanier*, 332 F.3d at 1007. Prisoners are not members of a protected class for equal protection purposes. *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). Plaintiff fails to state an equal protection claim in his complaint.

### III. CONCLUSION

Having reviewed the matter, the Court concludes that Plaintiff fails to state a claim upon which relief may be granted in his complaint.  Accordingly, the Court **DISMISSES WITH PREJUDICE** the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  The Court further concludes that an appeal from this order cannot be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED**.


s/ Nancy G. Edmunds
NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

Dated: August 27, 2015